UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| LANCELOT ENTERTAINMENT BOSTON, LLC, AS SUCCESSOR IN INTEREST TO KING'S FAIRE, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALPHONSE A. D'AMICO, SR., INDIVIDUALLY AND AS TRUSTEE OF THE RENAISSANCE NOMINEE TRUST, <br><br> Defendant. | Case No.: 1:25-cv-10479-AK |

**<u>ORDER</u>**

Upon consideration of the Joint Request for Entry of Agreed Order (the "Joint Request") filed by Lancelot Entertainment Boston, LLC ("Lancelot") and Defendant Alphonse A. D'Amico ("D'Amico") in connection to the Emergency Motion for *ex parte* Temporary Restraining Order and, After Notice, Preliminary Injunction (the "Motion") filed by Lancelot, the Court Orders as follows:

1. By March 7, 2025 at 5:00 PM, Lancelot's counsel shall provide D'Amico's counsel, via email, with an inventory of the items Lancelot asserts are its personal property and it is entitled to remove from the property located at 235 Main Street, Carver, Massachusetts 02330 (the "Premises").

2. By March 12, 2025 at 5:00 PM, D'Amico's counsel shall provide Lancelot's counsel, via email, with a written response to each item included on Lancelot's inventory, specifying whether D'Amico agrees that Lancelot is entitled to remove such item from the

Premises pursuant to the terms of the Parties' former Lease, dated January 1, 2000, and, if not, the basis for any objection.

    3.    At a mutually agreeable date and time prior to 5:00 PM on April 11, 2025, D'Amico shall permit Lancelot to enter the Premises and remove all items that the Parties have agreed Lancelot is entitled to remove from the Premises (the "Agreed Upon Personal Property"), pursuant to the process described in Paragraphs 1 and 2, above.

    a.  Lancelot shall be permitted to use moving trucks, equipment, and personnel to facilitate this removal, including, but not limited to attorneys, employees, contractors, agents, and other representatives;

    b.  D'Amico shall permit Lancelot's attorneys, employees, agents, and other representatives onto the Premises for purposes of this removal and shall provide Lancelot and its representatives with full and unrestricted access to the Agreed Upon Personal Property for the purpose of removal, although D'Amico and his attorneys may observe and photograph Lancelot's removal of the Agreed Upon Personal Property;

    c.  Lancelot shall take reasonable precautions to prevent damage to the Premises or any of D'Amico's property on the Premises, if any, during the removal process; and

    d.  The disconnection and reconnection of any necessary utilities (such as electricity) required for safe compliance with this Order shall not be unreasonably withheld.

4. To the extent there are items that Lancelot asserts it is entitled to remove and D'Amico disagrees, such dispute may be raised with the Court by either party at any time, pursuant to the Federal Rules of Civil Procedure and Local Rules of this District.

5. Neither party, nor their agents, employees, or representatives, shall interfere with the removal process established herein, obstruct access to the Agreed Upon Personal Property, or engage in any conduct designed to delay or frustrate compliance with this Order. Any violations may be brought before the Court for immediate relief and appropriate sanctions.

6. By mutually agreeing to the terms of this proposed order, neither party waives any rights or defenses, and makes no admissions as to any fact, fault or wrongdoing.

**So Ordered.**

Dated: March 4, 2025                                       /s/ Angel Kelley
                                                          United States District Judge